UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNY WILLIAM CHERRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:15-cv-01766-SEB-TAB |
| DR. LEVINE, CORIZON HEALTH, INC., | ) |
| Defendants. | ) |

**ENTRY ON POST JUDGMENT MOTION**

This action was dismissed on February 28, 2017, in favor of the defendants on summary judgment. Dkt. 47. On August 23, 2019, the plaintiff filed a motion asking the Court's assistance with the fact that in the Court's summary judgment ruling, certain sensitive medical information was discussed which he alleges has caused him severe mental distress. Dkt. 62. He alleges that this violated the Federal Health Information Protection Act. *Id.*

By filing a claim that placed his medical condition at issue, the plaintiff inadvertently caused the defendants to include specific confidential information in their briefs in support of summary judgment and the Court to include that information in its ruling. It is unfortunate that this has occurred, but at this time, the Court is not aware of any basis or authority on which to now place such information under seal or any other type of restriction. Moreover, there is no "Federal Health Information Protection Act" in the United States.

The Seventh Circuit has held that prisoners have a limited, not well-defined, constitutional right to the confidentiality of medical records. *See Shields v. Dane Cty. Jail Mental Health Dept*, No. 17-CV-266-WMC, 2018 WL 5307807, at *1 (W.D. Wis. Oct. 26, 2018) (citing *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995) (affirming grant of qualified immunity based on claim

that defendants had disclosed inmate's HIV-positive status)). Here, where the medical information was not disclosed gratuitously as humor or gossip, these circumstances do not appear to rise to the level of any constitutional violation. *See Montgomery v. Zyck*, No. CIV. 09-CV-129-GPM, 2009 WL 2448566, at *1 (S.D. Ill. Aug. 11, 2009) (the Seventh Circuit has yet to squarely address the issue of whether an inmate has a privacy right in his medical records, but discussing other circuits who have curtailed prisoners' confidentiality rights by policies or regulations that are shown to be reasonably related to legitimate penological interests).

To the extent the plaintiff's post-judgment motion must be treated as a Rule 60(b)(1) motion which allows a Court to relieve a party from final judgment based on mistake, inadvertence, surprise, or excusable neglect, "a motion for relief 'must be made within a reasonable time' after entry of judgment, which the rule defines for subsections (1) through (3) as no later than one year after the entry of judgment." *Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013) (quoting Rule 60(c)(1)). Not only is the plaintiff not actually seeking relief on a substantive basis from the final judgment, but his motion is untimely.

Under these circumstances, the plaintiff's motion for Court assistance, dkt. [62], must be **denied.**

**IT IS SO ORDERED**.

Date: 11/18/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DANNY WILLIAM CHERRY
249323
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jeb Adam Crandall
BLEEKE  DILLON  CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com